UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY WHITE,              :
    *Plaintiff*,              :         CIVIL CASE NUMBER:
                               :
    v.                         :         3:14-cv-01501-VLB
                               :
SMITHS MEDICAL ASD, INC.,   :         September 20, 2016
    *Defendant*.              :

## Memorandum of Decision

Anthony White sues his former employer, Smiths Medical ASD, Inc. ("Smiths"), alleging that he was fired shortly after requesting medical leave and that his employer fired him to quash an inchoate claim for workers' compensation. The issue is whether these allegations provide plausible support to a minimal inference that Smiths was motivated by White's claim for workers' compensation or by White's exercise of other rights afforded to him by Connecticut's Workers' Compensation Act ("WCA"). They do not, even assuming that a claim for preemptive or anticipatory retaliation is cognizable. Smiths had no reason to anticipate a claim for workers' compensation: White does not allege any facts suggesting that he informed Smiths of a work-related injury, that Smiths should have suspected a work-related injury, or that Smiths knew that White intended to seek workers' compensation. White does allege that his wife had previously sought workers' compensation, but this allegation is irrelevant. The complaint does not connect the cause of her injury or to the cause of his injury. And, despite the pending motion to dismiss, White has not sought leave to amend his complaint for the purpose of asserting these essential facts.

## Background

The complaint contains the following allegations. ECF No. 1-2. White worked for Smiths, a multinational manufacturer of medical devices, for thirty-eight years, from 1976 until October 2014. *Id.* at ¶¶ 3, 7, 17. White developed significant back pain beginning in July or August 2014, and a month or so later, in late September or early October 2014, he sought medical treatment. *Id.* at ¶¶ 10–11. An orthopedic surgeon diagnosed him with degenerative disc disease of his lumbar spine and recommended surgery. *Id.* at ¶ 12. White scheduled surgery for early November 2014 and emailed his supervisor, human resources manager, and site coordinator to request a medical leave of absence. *Id.* at ¶ 13–14. In late October 2014, after no one responded to his email, White called the human resources manager to request the phone number for the company that administers medical leave. *Id.* at ¶ 16. White was fired several days later. *Id.* at ¶ 17.

White asserts four claims for relief. *Id.* The only claim now at issue is retaliation in violation of Connecticut General Statutes § 31-290a—namely, Smiths fired White because it "perceived that he was going to file a workers' compensation claim." *Id.* at ¶ 21. Buttressing this claim, White alleges that his employer's belief was informed by the fact that his wife, who also worked for Smiths and sustained a (presumably work-related) neck injury, had sought workers' compensation in 2012. *Id.* at ¶ 19. Her claim for workers' compensation was costly; she did not work for two years. *Id.* at ¶ 20.

Smiths moves to dismiss the retaliation claim for failure to state a claim. ECF No. 16. Smiths argues that White fails to plead two elements of a *prima facie* claim

of retaliation: he neither alleges the existence of a protected activity nor that his employer knew that he engaged in that activity. *Id.* White's opposition is less clear. ECF No. 17-1. He states that an employee need not engage in a protected activity before receiving anti-retaliation protections, but he leaves the Court with a handful of squibs to identify his novel legal theory (preemptive or anticipatory retaliation) and cobble together a standard for evaluating it. *Id.* Smiths replies that the two cases cited in support are easily distinguishable: in those cases, there was a clear and unmistakable injury at work of which the employer had notice. ECF No. 18.

## Discussion

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A district court follows a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). A district court begins "'by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556

U.S. at 679).  "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

Connecticut General Statutes § 31-290a prohibits an employer from discharging, causing to be discharged, or discriminating against any employee "because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provision of this chapter."  Borrowing the familiar burden-shifting standard articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), the Connecticut Supreme Court has held that a *prima facie* claim of retaliation requires proof of the following four elements: (1) the employee engaged in a protected activity; (2) the employer was aware of this activity; (3) the employer subjected the employee to an adverse action; and (4) a causal connection between the protected activity and the adverse action.  *Mele v. City of Hartford*, 270 Conn. 751, 776 (2004).  A plaintiff need not plead a *prima facie* case of retaliation, but he must allege facts providing "plausible support to a minimal inference of [retaliatory] motivation."[1]  *Cf. Littlejohn v. City of*

---

[1] A different pleading standard applies to retaliation claims under Title VII. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (requiring the plaintiff to "plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice.").  The Court applies the standard applicable to discrimination claims because the Connecticut Supreme Court has not required showing of but-for causation.  *See Bissonnette v. Highland Park Mkt., Inc.*, 2014 WL

4

*New York*, 795 F.3d 297, 311 (2d Cir. 2015) (addressing 12(b)(6) standard in the context of discrimination claims under Title VII).

The arguments for and against dismissal turn on the following two questions: (1) whether an employee is protected from retaliation motivated by the possibility of a future workers' compensation claim; and if so, (2) whether White has alleged facts providing "plausible support to a minimal inference" that Smiths had such a motivation.  The Court has not found any Connecticut cases explicitly discussing "preemptive" or "anticipatory" retaliation, although various appellate and district courts have found such claims actionable under federal and state law. *See, e.g., Sauers v. Salt Lake Cty.*, 1 F.3d 1122, 1128 (10th Cir. 1993) ("Action taken against an individual in anticipation of that person engaging in protected opposition to discrimination is no less retaliatory than action taken after the fact; consequently, we hold that this form of preemptive retaliation falls within the scope of 42 U.S.C. § 2000e–3(a)."); *but see Torsky v. Avon Products, Inc.*, 707 F.Supp. 942, 946 (W.D. Mich. 1988) (dismissing state retaliatory discharge claim arising out of the anticipated filing of a worker's compensation claim).  And two cases cited by White suggest that a claim for preemptive or anticipatory discharge is cognizable under Connecticut law.  *See Huertas v. Rexel, C.L.S.*, 2011 WL 725005, at *2 (Conn. Super. Ct. Jan. 26, 2011) (holding that notice of intention to file workers' compensation claim sufficient); *Lombardi v. Tilcon Connecticut, Inc.*, 2007 WL

---

815872, at *3 (Conn. Super. Ct. Jan. 28, 2014) ("[T]here are compelling reasons to believe that our state appellate courts would not choose to follow the 'but for' causation standard articulated by the United States Supreme Court in the *Nassar* and *Gross* cases, in connection with § 31–290a or other state anti-discrimination or retaliation statutes.").

5

3042212, at *5 (Conn. Super. Ct. Oct. 3, 2007) (holding that notice of work-related injury followed by medical leave sufficient). And the *Lombardi* court offers a convincing rationale for doing so: "[t]o hold otherwise would disadvantage claimants who are discriminated against before they have perfected their claims under the Act and are merely in the process of exercising their rights." 2007 WL 3042212, at *5 (internal quotation marks and alterations omitted).

But the Court will leave the issue for another day. Evening assuming that claims for preemptive or anticipatory retaliation are cognizable, White fails to state such a claim because he does not allege facts providing "plausible support to a minimal inference" that Smiths anticipated a claim for workers' compensation. *Cf. Rope v. Auto-Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 649 (2013), *overturned due to legislative action* (dismissing claim for anticipatory retaliation, in part, because "[plaintiff] has not alleged nor professed that he can allege that [his employer] suspected he would file a governmental complaint"). White does not identify a work-related injury, fails to allege that he informed Smiths of a work-related injury, provides no facts suggesting that Smiths would have reason to know about a work-related injury, and does not allege that he informed Smiths that he intended to file a claim for workers' compensation. Moreover, unlike most work-related injuries, his condition is degenerative and lacks a traumatic origin. He alleges only that he informed Smiths of a degenerative medical condition, of his need for surgery, and his request for medical leave. These allegations alone are insufficient.

White's allegation that his wife sustained a work-related injury has no bearing on whether Smiths suspected a work-related injury. White and his wife sustained different injuries, at different times, and there are no facts suggesting that their conditions of employment in this multinational company were so similar that those conditions would reasonably cause both injuries. Without alleging any facts connecting the cause of his medical condition to his employment, the Court fails to understand how an employer would anticipate a claim for workers' compensation. If Smiths had no basis for believing that Smiths was entitled to WCA protections, its decision to fire White cannot be related to a possible claim for workers' compensation or any other WCA protection.

The absence of factual allegations on this issue distinguishes this case from *Lombardi* and *Huertas*, the only cases that White cites in support. In *Lombardi*, the plaintiff alleged "[i]mmediate notice of a clear and unmistakable injury at work, immediately followed by an extended absence for medical treatment for that injury." 2007 WL 3042212, at *4. In *Huertas*, the plaintiff alleged that he "received a workplace injury, he told the employer of such injury, and informed the employer of his intention to seek medical attention and his intention to file a workers' compensation claim." Conversely, White does not allege a clear and unmistakable injury at work and does not allege that he informed his employer of an intention to file a workers' compensation claim.

## Conclusion

For the foregoing reasons, the Court grants the motion to dismiss Count Four of the complaint.

IT IS SO ORDERED.

                                            /s\_
                                    Vanessa L. Bryant
                                    United States District Judge

Order dated in Hartford, Connecticut on September 20, 2016.